THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE G. COOPER, *et al.*,

               Plaintiffs,

    v.

WHATCOM COUNTY, *et al.*,

               Defendants.

CASE NO. C20-1196-JCC

ORDER

This matter comes before the Court on Defendant Sally Andrews' motion to dismiss (Dkt. No. 39), Defendant Kristine Glasgow's motion to dismiss (Dkt. No. 40), Defendant Northwest Regional Council's motion to dismiss (Dkt. 41), and Plaintiffs' motion to extend time to serve Ms. Glasgow (Dkt. No. 43). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Ms. Andrews' motion to dismiss (Dkt. No. 39), DENIES Ms. Glasgow's motion to dismiss (Dkt. No. 40), GRANTS Northwest Regional Council's motion to dismiss (Dkt. No. 41), and GRANTS Plaintiffs' motion to extend time to serve Ms. Glasgow (Dkt. No. 43) for the reasons explained herein.

## I.     BACKGROUND

Paula Jefferson was arrested for driving under the influence on August 9, 2017. (Dkt. No. 1 at 9.) Just over 24 hours later, she was found dead in her cell at the Whatcom County Jail. (*Id.*

at 16.) Paula's children and the personal representative for her estate allege that Whatcom County, PeaceHealth St. Joseph Medical Center, Northwest Regional Council, and several individuals working for them failed to provide Paula with appropriate medical care, which could have prevented her death. (*See generally* Dkt. No. 1.)

Defendants Sally Andrews, Kristine Glasgow, and Northwest Regional Council now move to dismiss Plaintiffs' claims against them.

## II.   DISCUSSION

### A.   Northwest Regional Council's Motion to Dismiss

Defendant Northwest Regional Council ("NWRC") moves to dismiss on several grounds. (*See* Dkt. No. 41.) In response, Plaintiffs "do not object to the dismissal of Defendant Northwest Regional Council." (Dkt. No. 48 at 4.) NWRC requests that the Court dismiss these claims with prejudice because Plaintiff does not object to the dismissal, but NWRC does not cite any authority for the proposition that a plaintiff's failure to object to a defendant's dismissal warrants dismissal with prejudice. (*See* Dkt. No. 50 at 2.) Therefore, the Court DISMISSES Plaintiffs' claims against NWRC without prejudice.

### B.   Sally Andrews'[1] Motion to Dismiss

Defendant Sally Andrews moves to dismiss because Plaintiffs did not file proof of service within 90 days of the date the complaint was filed, meaning (1) Plaintiffs failed to comply with Federal Rule of Civil Procedure 4(m) and (2) the statute of limitations for claims against Ms. Andrews expired. (*See* Dkt. No. 39 at 1–4.) Three days after the motion was filed, Plaintiffs filed an affidavit of service showing that Ms. Andrews was properly served on October 9, 2020, within the 90-day period provided by Rule 4(m) but allegedly outside of the statute of limitations. (*See* Dkt. No. 42.)

---

[1] The Court encourages the parties to meet and confer to determine whether Defendants are willing to consent under Federal Rule of Civil Procedure 15(a)(2) to Plaintiffs amending the complaint to replace "Shelly Andrews" with "Sally Andrews." (*See* Dkt. No. 39 at 1 n.1 (noting that "Shelly Andrews" is a misnomer for "Sally Andrews").)

Rule 4(m) imposes a deadline for *actual* service, not for filing *proof* of service. "Failure to prove service does not affect validity of service," and filing proof of service late does not affect validity of service either. Fed. R. Civ. P. 4(l)(3). Therefore, Ms. Andrews' motion to dismiss based on untimely service is DENIED. Next, "a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002). "Once a complaint is filed, the statute of limitations is tolled unless and until the court dismisses the action." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Therefore, the statute of limitations has been tolled since the complaint was filed on August 6, 2020, which both parties acknowledge is before the statute of limitations expired. (*See* Dkt. Nos. 39 at 4, 48 at 1.) Accordingly, the Court DENIES Defendant Sally Andrews' motion to dismiss.

### C.      Kristine Glasgow's Motion to Dismiss

Ms. Glasgow moves to dismiss for the same reasons as Ms. Andrews: Plaintiffs did not file proof of service in a timely manner and the statute of limitations for claims against her has expired. (*See* Dkt. No. 40 at 3–5.) But unlike Ms. Andrews, Plaintiffs did not properly serve Ms. Glasgow by Rule 4(m)'s 90-day deadline. In response to Ms. Glasgow's motion, Plaintiffs moved for an extension of time to serve Ms. Glasgow, (Dkt. No. 43), and then served her on December 5, 2020, (Dkt. No. 45). Plaintiffs argue that the Court should extend the time to serve Ms. Glasgow, while Ms. Glasgow argues that the Court should deny Plaintiffs' motion and dismiss the complaint. (*See* Dkt. Nos. 43, 46.) If the Court were to dismiss the complaint, Plaintiffs' claims against Ms. Glasgow would be barred by the statute of limitations.

As a preliminary matter, Plaintiffs suggest that Ms. Glasgow's motion to dismiss based on untimely service is improper because Ms. Glasgow "does not move under" Rule 4(m). (Dkt. No. 48 at 3.) Plaintiffs are wrong. Ms. Glasgow properly moved to dismiss under Rule 12(b)(5), which allows a party to move to dismiss for "insufficient service of process." Rule 4(m) contains one of the substantive service requirements a party may raise in a Rule 12(b)(5) motion, but it is

not a separate vehicle through which Ms. Glasgow was required to make her motion. *See, e.g., USNR, LLC v. Hartford Accident & Indem. Co.*, 2017 WL 1882580, slip op. at 1 (W.D. Wash. 2017) ("Fed. R. Civ. P. 12(b)(5) allows defendants to seek dismissal for insufficient service of process. Service of process may be insufficient where it is untimely.").

Rule 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause." *Mann*, 324 F.3d at 1090 n.2. Plaintiffs argue there is good cause to extend the deadline because Defendants caused their failure to serve Ms. Glasgow in a timely manner, but Plaintiffs' arguments are not persuasive. As an initial matter, the record is clear that Ms. Glasgow did not evade service. In fact, it shows the opposite: On September 29, 2020, after learning that Plaintiffs attempted to serve her at NWRC, Ms. Glasgow called Plaintiffs' process server, asked whether she needed to be served, and offered to make arrangements so that he could serve her. (Dkt. No. 46-1 at 2.) Plaintiffs' processor server declined Ms. Glasgow's offer and informed her (erroneously) that she did not need to be served personally. (*Id.*) Plaintiffs also cite Ms. Glasgow's refusal to waive service, but that could not have caused Plaintiffs' delay because Plaintiffs did not request that Ms. Glasgow waive service until *after* the Rule 4(m) deadline passed. (*See* Dkt. No. 44-3 at 2.)

Plaintiffs next argue that their tardy service is NWRC's fault because NWRC's Executive Director sent Plaintiffs' paralegal NWRC's office address after Plaintiffs' paralegal asked how to serve NWRC and two unnamed employees. (*See* Dkt. No. 43 at 2, 5–6.) But "personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an individual." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). While it is true that plaintiffs may serve an individual's authorized agent, Fed. R. Civ. P. 4(e)(2)(C), the full email chain between Plaintiffs and NWRC makes clear that Plaintiffs were uncertain about whether NWRC was authorized to accept service on behalf of Ms. Glasgow in her personal capacity. After NWRC sent Plaintiffs NWRC's address, Plaintiffs asked NWRC's Executive Director (who does not appear to be a lawyer) whether NWRC was authorized to

1  accept service for Ms. Glasgow. (*See* Dkt. No. 44-2 at 1–2.) When NWRC did not respond,

2  Plaintiffs chose to take their chances and leave Ms. Glasgow's summons and complaint with

3  NWRC anyway. Plaintiffs' strategic decision to leave Ms. Glasgow's documents with NWRC

4  rather than wait for a response, follow up, or serve Ms. Glasgow personally is not Defendants'

5  fault.

6         Although there is not good cause mandating an extension of the Rule 4(m) deadline here,

7  an extension is warranted. "In making extension decisions under Rule 4(m) a district court may

8  consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a

9  lawsuit, and eventual service.'" *Efaw v. Williams*, 472 F.3d 1038, 1041 (9th Cir. 2007) (quoting

10 *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). All four factors weigh in

11 favor of an extension here. Most significant, though, is that if the Court were to deny Plaintiffs'

12 motion for an extension, Plaintiffs' claims against Ms. Glasgow would be barred by the statute of

13 limitations. There is a strong public policy in favor of resolving cases on the merits and the Court

14 agrees with Judge Fletcher that "[t]his consideration should carry greater weight in § 1983 cases,

15 because the public policy favoring resolution on the merits is 'particularly important in civil

16 rights cases.'" *Efraw*, 473 F.3d at 1042 (Fletcher, J., dissenting) (quoting *Hernandez v. City of El

17 Monte*, 138 F.3d 393, 401 (9th Cir. 1998)). On the other side of the balance, there is no evidence

18 Ms. Glasgow was prejudiced by the delay. Therefore, Plaintiffs' motion for an extension of time

19 to serve Ms. Glasgow is GRANTED and Ms. Glasgow's motion to dismiss is DENIED.

20         **D.      Conduct of Counsel**

21         As set forth in the Introduction to the Court's Local Civil Rules, the Court "expect[s] a

22 high degree of professionalism from the lawyers practicing before" it and requires attorneys to

23 work "cooperatively to manage civil cases on a cost-effective basis." W.D. Wash. Local Civ. R.

24 at 1. Counsel for both parties fell short of those standards here. Many—if not all—of the issues

25 the Court addressed could have been resolved by the parties without the Court's intervention if

26 the parties had been willing to cooperate. The Court is hopeful that the sharp-elbowed tactics and

personal attacks that the parties resorted to here are not predictive of how this litigation will progress.

**III.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant Sally Andrews' motion to dismiss (Dkt. No. 39), DENIES Defendant Kristine Glasgow's motion to dismiss (Dkt. No. 40), GRANTS Defendant Northwest Regional Council's motion to dismiss without prejudice (Dkt. No. 41), and GRANTS Plaintiffs' motion to extend time to serve Ms. Glasgow (Dkt. No. 43).


DATED this 25th day of January 2021.


John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-1196-JCC
PAGE - 6