THE HONORABLE TANA LIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JESSE G. COOPER, in his Personal Capacity and as Personal Representative of the Estate of PAULA LEE JEFFERSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WHATCOM COUNTY, a political subdivision of the State of Washington; *et al.*,<br><br>Defendants. | NO. 2:20-cv-01196-TL<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM COUNTY'S AFFIRMATIVE DEFENSES** |

## I.   INTRODUCTION

Whatcom County concedes that its First, Third, Sixth, and Eighth Affirmative Defenses should be dismissed.[1]

The County maintains, however, that its Fourth, Fifth, Seventh Affirmative Defenses should survive summary judgment because someone else—the decedent herself, Paula Jefferson; Ms. Jefferson's children; and PeaceHealth St. Joseph Medical Center ("PeaceHealth")—are responsible for the damages sustained in this case.[2] The County's argument here is contrary to the binding authority cited by Plaintiffs, which the County fails to distinguish. In addition, the County

---

[1] Dkt. # 122, at 5, 8.
[2] Dkt. # 122, at 5-8.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

does not come anywhere close to the "put up or shut up" evidentiary requirement of Rule 56. *Mendelson v. Country Coach*, No. 06-0572, 2007 WL 4811927, at *2 n.1 (C.D. Cal. Nov. 19, 2007).

The County also asserts that its two statutory defenses, RCW 5.40.060 and RCW 4.24.420, should persist because "evidence suggests" that Ms. Jefferson "illegally took drugs while inside the Jail."[3] The text of these statutes and binding state law make clear, however, that regardless of what the County believes the "evidence suggests," they do not apply to the facts at hand.

In addition to its First, Third, Sixth, and Eighth Affirmative Defenses, which the County acknowledges should be dismissed, Plaintiffs thus respectfully reiterate their request that the County's Fourth, Fifth, Seventh, Ninth, and Tenth Affirmative Defenses be dismissed.

## II.   LAW AND ARGUMENT

### A.   PLAINTIFFS' MOTION IS APPROPRIATELY BROUGHT UNDER FED. R. CIV. P. 56.

Under Rule 12(f) "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including affirmative defenses, so long as a motion is brought within "21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Rule 56, on the other hand, "permits the entry of partial summary judgment where no issue of material fact exists and a party is entitled to judgment as a matter of law" and can be brought "to challenge the legal sufficiency of a defense **at any time**." *Resol. Tr. Corp. v. Vestal*, 838 F. Supp. 305, 307 (E.D. Tex. 1993) (citing *Oregon Laborers-Emps. Tr. Funds v. Pac. Fence & Wire Co.*, 726 F. Supp. 786, 788 (D. Or. 1989)) (emphasis added). Plaintiffs' motion is brought under Rule 56 not because they concede the "legal sufficiency" of the County's Affirmative Defenses, but because it is the procedurally proper vehicle at this juncture.[4]

---

[3] Dkt. # 122, at 9.

[4] Dkt. # 122, at 2. The County's discussion of 42 U.S.C. § 1983 is also a red herring. *Id.*, at 3-4. The state law affirmative defenses challenged by Plaintiffs "have no bearing on liability under 42 U.S.C. § 1983" and do not apply Plaintiffs' 42 U.S.C. § 1983 claims. *Waugh v. Dow*, No. 11-1419, 2014 WL 2807574, at *24 (W.D. Okla. June 20,

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 2

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

B.     THE COUNTY'S FOURTH AFFIRMATIVE DEFENSE SHOULD BE DISMISSED.

In regard to its Fourth Affirmative Defense, the County asks the Court to ignore a surfeit of binding authority holding that "'jailers have a special relationship with inmates, creating an affirmative duty to provide for inmate health, welfare, and safety'" and "'contributory negligence has no place in such a scheme.'" *Meagher*, 2020 WL 3872744, at *14 (quoting *Gregoire v. City of Oak Harbor*, 244 P.3d 924, 931 (Wash. 2010)); *see also Shea v. City of Spokane*, 562 P.2d 264, 268 (Wash. App. 1977), *aff'd*, 578 P.2d 42 (Wash. 1978); *Matter of Williams*, 496 P.3d 289, 299 (Wash. 2021); *Dahl v. Mason Cty.*, No. 16-5719, 2018 WL 501631, at *1 (W.D. Wash. Jan. 22, 2018); *Hendrickson v. Moses Lake Sch. Dist.*, 398 P.3d 1199, 1204 (Wash. Ct. App. 2017); *Wilson v. Pierce Cty.*, No. 16-5455, 2016 WL 4376784, at *6 (W.D. Wash. Aug. 17, 2016); *Ammons v. Washington, Dep't of Soc. & Health Servs.*, No. 08-5548, 2013 WL 139541, at *4 (W.D. Wash. Jan. 10, 2013). Instead, the County asks the Court to create an exception from whole cloth for "instances when [inmates] retain some duty of care for their own safety, that which a reasonable person would have used under the existing facts and circumstances." [5] The County's unprecedented invitation should be rejected.

The County's submission that "this case bears little resemblance to *Gregoire*, which was a case involving the suicide of an inmate" is wrong.[6] *Gregoire*—as well as binding and persuasive cases before it, and after it—make clear that the defense of contributory negligence is simply not available in the corrections setting. The fact that this well-established principle of Washington law was rearticulated in an in-custody suicide case is by no means indicative of an intent to create a limitation or exception to the rule for non-suicide cases. To the contrary, *Gregoire* made clear

---

2014), *aff'd*, 617 F. App'x 867 (10th Cir. 2015); *see also Meagher v. King Cty.*, No. 19-0259, 2020 WL 3872744, at *14 (W.D. Wash. July 9, 2020), *aff'd*, 857 F. App'x 908 (9th Cir. 2021); *Moreno v. Corr. Healthcare Companies*, No. 18-5171, 2019 WL 10733237, at *3 (E.D. Wash. Aug. 5, 2019).

[5] Dkt. # 122, at 7.
[6] Dkt. # 122, at 5 (citing *Gregoire,* 244 P.3d 924).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 3

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

that the rule applies in *all* cases where a "special relationship" exists, including in-custody suicide cases, which has been the law in our state for over a century.  *See, e.g., Meagher*, 2020 WL 3872744; *Kusah v. McCorkle*, 170 P. 1023, 1026 (Wash. 1918).  The County's Fourth Affirmative Defense should be dismissed.

C. **THE COUNTY'S FIFTH AFFIRMATIVE DEFENSE SHOULD BE DISMISSED.**

In response to Plaintiffs' motion, the County clarifies that—despite the express contention in its pleading that all "plaintiffs failed to mitigate their damages, if any"[7]—the defense of failure to mitigate is only asserted against Ms. Jefferson's "surviving relatives," which the County contends "failed to demonstrate proper effort to seek grief counseling or to seek other appropriate forms of mental health care after Ms. Jefferson's death."[8]  The County's argument, again without citation to relevant authority, is unavailing.

"The doctrine of mitigation of damages . . . prevents recovery for those damages the injured party could have avoided by reasonable efforts taken after the wrong was committed.  The party asserting the claim of an unreasonable failure to mitigate damages bears the burden of proof." *Ainsworth v. Progressive Cas. Ins.*, 179 Wash. App. 1026 (Wash. App. 2014); *see also* Model Civ. Jury Instr. 9th Cir. 5.3 (2021).  "In cases involving injuries, the defendant not only must establish that the injured party failed to use reasonable care to mitigate damages, but also must show—through expert testimony—that the failure to mitigate aggravated the party's injury or otherwise increased the damage suffered." *Lister v. Hyatt Corp.*, No. 18-0961, 2019 WL 6701407, at *14 (W.D. Wash. Dec. 9, 2019); *see also Jack v. Borg-Warner Morse Tec*, No. 17-0537, 2018 WL 4409800, at *26 (W.D. Wash. Sept. 17, 2018), *aff'd*, 837 F. App'x 421 (9th Cir. 2021) (same); *Cox v. Keg Restaurants*, 935 P.2d 1377, 1380 (Wash. App. 1997) (same).  "Submitting the issue

---

[7] Dkt. # 94, at 21.
[8] Dkt. # 122, at 8.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 4

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

to the jury without such testimony is improper because the jury is thus invited to reach a result based on speculation and conjecture." *Cox*, 935 P.2d at 1380.

Here, while the County *argues* that Ms. Jefferson's children have failed to mitigate any mental health-related damages stemming from the loss of their mother, it provides no admissible *evidence* to support its assertion, expert or otherwise. It is the County who must produce evidence of a *failure* to mitigate; Ms. Jefferson's children "ha[ve] no burden to prove that [they] *did* mitigate." *Radisson Hotels Int'l v. Kaanam LLC*, No. 09-1575, 2011 WL 98129, at *3 (D. Minn. Jan. 12, 2011) (citing *Air et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir. 1985)) (emphasis in original). Moreover, the County does not create a genuine dispute of material fact regarding the amount by which Ms. Jefferson's children allegedly failed to mitigate their damages, which is also "a necessary element of a mitigation defense." *Meagher*, 2020 WL 3872744, at *15 (citing Model Civ. Jury Instr. 9th Cir. 5.3 (2019)). Without providing admissible evidence, the County does not meet its Rule 56 burden and its Fifth Affirmative Defense must be dismissed. *See, e.g., Lister*, 2019 WL 6701407, at *14; *Jack*, 2018 WL 4409800, at *26; *Meagher*, 2020 WL 3872744, at *15; *Ainsworth v. Progressive Cas. Ins.*, 179 Wash. App. 1026 (Wash. App. 2014); *Hawkins v. Marshall*, 962 P.2d 834, 839 (Wash. App. 1998).

D. **THE COUNTY'S SEVENTH AFFIRMATIVE DEFENSE SHOULD BE DISMISSED.**

Instead of accepting the well-established law in this state that the County's "duty to keep a prisoner in health and safety is non-delegable," *Baker v. State, Dep't of Corr.*, 123 Wash. App. 1038 (Wash. App. 2004), the County *argues*—again without citation to *evidence*—that "there is, at this time, a genuine issue of material fact regarding the fault of" PeaceHealth.[9]

---

[9] Dkt. # 122, at 8. In fact, this defense was never even appropriately pled. As PeaceHealth has noted: "Nowhere in its Answer or its discovery responses does Whatcom County specifically assert that PeaceHealth is liable for the Plaintiffs' damages." Dkt. # 119, at 3. "Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint." *Barnes v. AT & T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). Because the County's Seventh Affirmative Defense comes nowhere close to meeting Fed. R. Civ. P. 8's pleading standard, it should be dismissed for this additional reason as well.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 5

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

As Plaintiffs noted in their Response to Defendant PeaceHealth's Motion for Summary Judgment,[10] however, the "put up or shut up" moment on this issue was a response to PeaceHealth's Motion for Summary Judgment. *Mendelson*, 2007 WL 4811927, at *2 n.1; *see also Wood v. Millar*, No. 13-0923, 2015 WL 12661926, at *3 (D.N.M. Feb. 19, 2015) ("[D]efendants may have standing to oppose codefendants' motions for summary judgment if they could be aggrieved by the decision.") (citing *Hoover v. Switlik Parachute*, 663 F.2d 964 (9th Cir. 1981); *White v. Sabatino*, 415 F. Supp. 2d 1163, 1172 (D. Haw. 2006); *Dailey v. J.B. Call & Co.*, No. 04-4114, 2006 WL 616634, at *1-2 (D. Kan. Mar. 9, 2006)). But the County did not oppose or proffer any evidence in response to PeaceHealth's Motion for Summary Judgment; nor does it proffer any *evidence* in response to Plaintiffs' Motion for Summary Judgment here. In fact, as PeaceHealth has correctly noted, "none of Whatcom County's experts criticize the care and treatment PeaceHealth provided to Ms. Jefferson"[11]

Without citing to admissible evidence to sustain finding of fault against PeaceHealth, the County does not meet its Rule 56 burden and its Seventh Affirmative Defense must be dismissed. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative *evidence* of specific facts, not sweeping conclusory allegations.") (emphasis added); *Tran Enterprises v. DHL Exp. (USA)*, 627 F.3d 1004, 1010 (5th Cir. 2010) ("With respect to an issue on which the nonmovant would bear the burden of proof at trial, if the movant for summary judgment correctly points to the absence of evidence supporting the nonmovant with respect to such an issue, the nonmovant, in order to avoid an adverse summary judgment on that issue, must produce sufficient summary judgment evidence to sustain a finding in its favor on the issue.").

---

[10] Dkt. # 117.

[11] Dkt. # 119, at 2; *see also id.*, at 3 ("Whatcom County has not been critical of PeaceHealth, except that a few witnesses say they relied on the thorough exam done at PeaceHealth—that is not a criticism and no expert has asserted any standard of care violation by PeaceHealth (as required).").

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 6

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

E. **THE COUNTY'S NINTH AFFIRMATIVE DEFENSE SHOULD BE DISMISSED.**

Asserting a defense under this RCW 5.40.060 "calls for asking the jury to apportion fault between Plaintiffs and Defendants," which is inappropriate here because Ms. Jefferson cannot be "at fault" for anything. *Moreno*, 2019 WL 10733237; *see also Meagher*, 2020 WL 3872744 (same). To the contrary, *Gregoire* makes clear that a jail's "special relationship with inmates . . . *includes protecting inmate against self-destructive acts*," including the effects of drugs and alcohol. *Castro v. Bushman*, 190 Wash. App. 1015 (Wash. App. 2015) (citing *Gregoire*, 244 P.3d 924) (emphasis added); *see also White v. ProtoCall*, No. 10-174, 2011 WL 5143532, at *10 (E.D. Wash. Oct. 31, 2011) (noting that under *Gregoire* "a person or a vicariously liable entity may be under a duty to protect a person even from self-inflicted harm where there is a special relationship").

Were RCW 5.40.060 to apply in the context of a special relationship, as the County urges, a custodian confronted with a drug or alcohol-related medical emergency could simply let nature take its course and be absolved of all wrongdoing. There would, in other words, be a *disincentive* to provide care to inmates suffering from life-threatening withdrawal and drug and alcohol toxicity. As the Washington State Court of Appeals made clear over fifty years ago, this is not the law in our state:

> The injured party being absolved from the duty of self-care, the question of the injured party's conduct, whether or not volitional or whether or not otherwise constituting contributory negligence, does not arise. In the absence of a duty breached, the question of whether the injured party's conduct is a proximate cause becomes irrelevant. It therefore becomes unnecessary to consider whether his reasonably foreseeable conduct is a superseding or intervening cause so as to immunize the actor from liability. Any other rule would render the actor's duty meaningless. The rule would in the same breath both affirm and negate the duty undertaken or imposed by law. The wrongdoer could become indifferent to the performance of his duty knowing that the very eventuality that he was under a duty to prevent would, upon its occurrence, relieve him from responsibility.

*Hunt v. King County*, 481 P.2d 593, 598 (Wash. App. 1971).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 7

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

At any rate, even if RCW 5.40.060 did apply here—it does not—the County again fails to present sufficient *evidence* to meet its Rule 56 burden. Under RCW 5.40.060 "[t]he standard for determining whether a person was under the influence of intoxicating liquor or drugs shall be the same standard established for criminal convictions under RCW 46.61.502." And the standard established for criminal convictions requires that a "person *drives a vehicle* . . . under the influence of or affected by intoxicating liquor, marijuana, or any drug." RCW 46.61.502 (emphasis added). Here, Ms. Jefferson was quite obviously not driving a vehicle at the time of her death. But even were the Court to ignore this portion of RCW 46.61.502, the County has failed to produce any admissible *evidence* that Ms. Jefferson was "under the influence of or affected by" a drug at the time of her death. RCW 46.61.502. Under the standard established by RCW 46.61.502, being "under the influence" of a drug requires more than a positive toxicology report. It requires *evidence* that a person's "ability to act as a reasonably careful person under the same or similar circumstances is lessened in any appreciable degree." *Peralta v. State*, 389 P.3d 596, 601 (Wash. 2017); *see also* Wash. Pattern Jury Instr. Civ. 16.04 (same). And the County has provided no *evidence* of this. Instead, the County *argues* that because Ms. Jefferson "was under the influence of methadone" she was therefore "intoxicated."[12] The County's pressed conflation is not supported by RCW 5.40.060.

The County should not be allowed to bury its head in the sand when it is convenient—by arguing that Ms. Jefferson was not showing signs of drug intoxication—and at the same time raise the defense of RCW 5.40.060—by arguing that Ms. Jefferson's "ability to act as a reasonably careful person" was inhibited by drug intoxication. *Peralta,* 389 P.3d 601. Under Rule 56 the latter requires *evidence*, and the County provides none. The County's Ninth Affirmative Defense should be dismissed.

---

[12] Dkt. # 122, at 9.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 8

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

F. **THE COUNTY'S TENTH AFFIRMATIVE DEFENSE SHOULD BE DISMISSED.**

"[A]t the time of the occurrence causing" Ms. Jefferson's death she was undoubtedly *not* in possession of any controlled substance. RCW 4.24.420(2).[13] Even assuming that Ms. Jefferson possessed a controlled substance at some time during her final incarceration—which the County produces no *evidence* of—"at the time" of her death, according to the County itself, "it is likely she ingested them."[14] RCW 4.24.420(2). In fact, were it relevant—and it is not, considering the text of RCW 4.24.420(2)—the County has not produced sufficient *evidence* that Ms. Jefferson possessed a controlled substance at any time. While it is true that "'possession' can be inferred from the presence of a substance in a person's system,"[15] this insufficient to meet the statute's requirement that the County's defense be proven by the kind of assimilation argument it advances. RCW 4.24.420(2).

> In an assimilation case, the defendant ingests or injects the substance directly into the body. The substance is assimilated into the bloodstream, and the defendant loses dominion and control over it. Necessarily, the defendant also ceases to possess it, for dominion and control are the key features of possession. Thus, evidence showing assimilation is generally insufficient to support a conviction for possession after ingestion.

*State v. Rudd*, 856 P.2d 699, 700 (Wash. App. 1993). The County's Tenth Affirmative Defense should be dismissed.

### III.   CONCLUSION

As plaintiffs noted in their moving papers, "[t]he assertion of prophylactic affirmative defenses is not harmless." *Greenspan v. Platinum Healthcare Grp.*, No. 20-5874, 2021 WL 978899, at *3 (E.D. Pa. Mar. 16, 2021). "Litigation is not a contest to see how much trouble you can cause your opponents. Those who treat it as such do so at their peril." *Hal Commodity Cycles*

---

[13] The County does not dispute that if this affirmative defense is applicable this action "aris[es] out of law enforcement activities" such that the heightened standard of RCW 4.24.420(2), as opposed to RCW 4.24.420(1), applies.
[14] Dkt. # 122, at 10.
[15] Dkt. # 122, at 10.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 9

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1  *Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987).  While Plaintiffs appreciate the willingness of the County to concede that its First, Third, Sixth, and Eighth Affirmative Defenses should be dismissed, a number of the County's affirmative defenses should not have been asserted in the first place.  The County's contention that Plaintiffs failed to state a claim for which relief can be granted, for instance, could not have been affected by "discovery"—as the County contends[16]—since "a motion to dismiss is decided on the pleadings only." *Sokolsky v. Rostron*, No. 07-1002, 2008 WL 4279384, at *1 (E.D. Cal. Sept. 9, 2008).

Plaintiffs respectfully reiterate their request that the County's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses be dismissed.

Respectfully submitted this 27th day of January, 2022.

GALANDA BROADMAN, PLLC

s/Ryan D. Dreveskracht
Ryan D. Dreveskracht, WSBA #42593
s/Gabriel S. Galanda
Gabriel S. Galanda, WSBA #30331
Attorneys for Plaintiffs
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: ryan@galandabroadman.com
Email: gabe@galandabroadman.com

---

[16] Dkt. # 122, at 5.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM
COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 10

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

## CERTIFICATE OF SERVICE

I, Wendy Foster, declare as follows:

1. I am now and at all times herein mentioned a legal and permanent resident of the United States and the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and competent to testify as a witness.

2. I am employed with the law firm of Galanda Broadman PLLC, 8606 35th Avenue NE, Ste. L1, Seattle, WA 98115.

3. Today I served the foregoing document, via this Court's ECF system, on all Defendants.

The foregoing Statement is made under penalty of perjury and under the laws of the State of Washington and is true and correct.

Signed at Seattle, Washington, this 27th day of January, 2022.

                                           s/Wendy Foster
                                           Wendy Foster

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DEFENDANT WHATCOM COUNTY'S AFFIRMATIVE DEFENSES (2:20-cv-01196-TL) - 11

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509