UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE G. COOPER, in his Personal Capacity and as Personal Representative of the Estate of PAULA LEE JEFFERSON, deceased, et al., <br><br>       Plaintiff, <br>   v. <br><br> WHATCOM COUNTY, a political subdivision of the State of Washington, et al., <br><br>       Defendant. | CASE NO. 2:20-cv-01196-TL <br><br> ORDER GRANTING THE PARTIES' STIPULATED MOTION TO SEAL |

This matter comes before the Court on the parties' re-filed stipulated motion to seal Exhibit 57 to the Declaration of Ryan D. Dreveskracht (the "Exhibit") submitted in support of Plaintiffs' motion for partial summary judgment. Dkt. No. 126. In the Court's Order denying the parties' previous stipulated motion, the Court ordered the parties to file a corrected motion that complied with LCR 5(g)(3)(B)'s requirement to include a "specific statement of the applicable legal standard and the reasons for keeping a document under seal." Dkt. No. 121.

ORDER GRANTING THE PARTIES' STIPULATED MOTION TO SEAL - 1

A "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In such circumstances, the "compelling interest" test applies, where the party seeking protection must show that their interests in sealing the document "outweigh the public's interest in disclosure and justify sealing . . . [such as when the] files might [] become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 2022 WL 73865, at *1 (W.D. Wash. Jan. 7, 2022) (quoting *Kamakana*, 447 F.3d at 1179).

Here, the parties have stipulated that the Exhibit was part of a confidential personnel record that contains information that could lead to personal embarrassment and injury. Dkt. No. 126 at 2-3. The parties also note that RCW 42.56.230(3) exempts from public inspection "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy."[1] The parties further stipulate that the document, a record from 1987, would no longer be available to the public pursuant to state records retention requirements. *Id.* at 2 (citing State Government General Records Retention Schedule Version 6.2 (August 2021), state-government-general-records-retention-schedule-v.6.2-(august-2021).pdf (wa.gov)).

---

[1] To be clear, the Court does not conclude that the fact that this document might otherwise be exempt from disclosure under the Washington Public Records Act automatically justifies sealing it in this judicial proceeding. *Cf. Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1344 (D.C. Cir. 1984) ("Statutes insulating information from publication are aimed at the broadcasting of sensitive information to the general populace; the statutes are not intended to enjoin the limited kind of disclosure encountered in judicial proceedings."); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) ("[FOIA] exempt documents are not automatically privileged in civil discovery."). Instead, the Court references this exemption only as one unopposed factor going to the privacy interest of the party seeking protection that must be weighed against the strong presumption of public access in judicial proceeding under the compelling interest test.

ORDER GRANTING THE PARTIES' STIPULATED MOTION TO SEAL - 2

The Exhibit concerns a disciplinary incident that is nearly thirty-five years old, the terms of the disciplinary order were fully complied with, there are no outstanding implications related to the disciplinary action, and the record has likely been expunged from the public record. Under these circumstances, the Court finds, on balance, the parties have asserted a compelling interest in keeping the Exhibit filed under seal.

The Court therefore GRANTS the parties' stipulated motion to seal and ORDERS that Exhibit (Dkt. No. 114) shall remain sealed.

IT IS SO ORDERED.

Dated this 9th day of February 2022.

Tana Lin
United States District Judge